IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Philip Lee, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PetroQuest Energy, L.L.C., et al.,<br><br>       Defendants. | Case No. 16-CV-516-KEW |

## JUDGMENT

  This is a class action lawsuit brought by Plaintiff Philip Lee, on behalf of himself and as representative of a class of owners (defined below), against Trinity Operating (USG), LLC and WSGP Gas Producing, LLC ("Defendants"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA") for oil-and-gas production proceeds from oil and gas wells in Oklahoma. On November 21, 2022, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1]

  On January 11, 2023, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

a.     certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

b.     appointed Plaintiff Philip Lee as Class Representative and Reagan E. Bradford and Ryan K. Wilson as Co-Lead Class Counsel;

c.     preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d.     preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e.     preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiff's Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

    f.    instructed the Settlement Administrator to disseminate the approved Notices to potential members of the Settlement Class in accordance with the Settlement Agreement and in the manner approved by the Court;

    g.    provided for the appointment of a Settlement Administrator;

    h.    provided for the appointment of an Escrow Agent;

    i.    set the date and time for the Final Fairness Hearing as April 17, 2023, at 10:30 a.m. CT in the United States District Court for the Eastern District of Oklahoma; and

    j.    set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On April 17, 2023, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

    a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b.    determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled

to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

  c. determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund and the PetroQuest Settlement Funds to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

  d. determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  e. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

  f. rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

  1. The Court, for purposes of this Final Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Fund and the PetroQuest Settlement Funds among Class Members (the "Initial Plan of Allocation Order").

[3] The Court will issue separate orders pertaining to Plaintiff's Counsel's request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award.

2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendants and Class Members.

3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All non-excluded persons or entities who: (1) received Untimely Payments from Defendants (or Defendants' designees, including PetroQuest Energy, L.L.C. as contract operator) for oil-and-gas proceeds from Oklahoma wells during the Claim Period, and (2) who have not already been paid in full for statutory interest on the Untimely Payments. An "Untimely Payment" for purposes of this class definition means payment of proceeds from the sale of oil and gas production from an oil-and-gas well, including unclaimed property payments, after the statutory periods identified in Okla. Stat. tit 52, § 570.10(B)(1), (*i.e.*, commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold). Untimely Payments do not include: (a) payments of proceeds to an owner under Okla. Stat. tit 52, § 570.10(B)(3) (minimum pay); (b) prior period adjustments; or (c) pass-through payments.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma, including any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); (2) Defendants, their affiliates, predecessors, and employees, officers, and directors; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; (5) persons or entities who have already filed and still have pending or settled lawsuits for Untimely Payments against Defendants; and (6) Plaintiff's counsel, their experts, and officers of the Court.

4. For substantially the same reasons as set out in the Court's Preliminary Approval Order, [Doc. 152], the Court finds that the above-defined Settlement Class should be and is hereby certified for the purposes of entering judgment pursuant to the Settlement Agreement. Specifically, the Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement purposes. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case on a contested basis.

5. The Court finds that the persons and entities identified in the attached **Exhibit 1** have submitted timely and valid Requests for Exclusion and are hereby excluded from the

foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

6.     At the Final Fairness Hearing on April 17, 2023, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendants and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

7.     The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notices used by the Parties. The Court further finds that all Class

Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

8. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendants, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

9. By agreeing to settle the Litigation, Defendants do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically deny any and all wrongdoing and liability to the Settlement Class, Class Representative, and Class Counsel.

10. The Court finds that on December 16, 2022, Defendants caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was

and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendants to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the value of the Gross Settlement Fund. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

11.    The Litigation and Released Claims are dismissed with prejudice as to the Released Parties. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (a) are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and (b) are barred and permanently enjoined from, directly or indirectly, on any Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees.

12.    The Court also approves the efforts and activities of the Settlement Administrator and the Escrow Agent in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representative and Class Counsel in completing the

administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

13. Nothing in this Judgment shall bar any action or claim by Class Representative or Defendants to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

14. The Settlement Administrator is directed to refund to Defendants the gross amounts attributable to Class Members under the Initial Plan of Allocation who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the timing, terms, and process detailed in the Settlement Agreement.

15. Neither this Settlement, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, evidence of or an admission or concession by Defendants of any fault, wrongdoing, or liability whatsoever with respect to the claims and allegations in the Litigation, or class certifiability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, and the Settlement Agreement itself, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received as evidence in any action or proceeding by or against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendants and any Class Member(s), the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Released Claims in any proceeding. Further, this Final Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

16. As separately set forth in detail in the Court's Initial Plan of Allocation Order, the Allocation Methodology and the Initial Plan of Allocation are approved as fair, reasonable and

adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

17. The Court finds that Class Representative, Defendants, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representative and Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

18. Neither Defendants nor Defendants' Counsel shall have any liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or the PetroQuest Settlement Funds or their administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. Except as described in paragraph 6.19 of the Settlement Agreement, no Class Member shall have any claim against Plaintiff, Plaintiff's Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

19. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

20. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with the Settlement Agreement.

21. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiff's Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representative for a

Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein.

22. A party, including Plaintiff, Plaintiff's Counsel, the Settlement Class, Defendants, and Defendants' Counsel will only be liable for loss of any portion of the Escrow Account as described in paragraph 6.19 of the Settlement Agreement.

23. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund and the PetroQuest Settlement Funds, and to enforce the Judgment.

24. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendants.

25. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund and the PetroQuest Settlement Funds, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award, and to enforce this Judgment. Notwithstanding

the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendants and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

IT IS SO ORDERED this 17th day of April, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

**Approved as to Form:**

/s/ *Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
Facsimile: (405) 234-5506
reagan@bradwil.com
ryan@bradwil.com

**CLASS COUNSEL**

/s/ *Michael D. Morfey*
**HUNTON ANDREWS KURTH LLP**
Michael D. Morfey (OBA #34092)
MichaelMorfey@HuntonAK.com
600 Travis Street, Suite 4200
Houston, Texas 77002
Phone: (713) 220-4200
Facsimile: (713) 220-4285

-and-

**CROWE & DUNLEVY**
John J. Griffin, Jr., OBA # 3613
john.griffin@crowedunlevy.com
L. Mark Walker, OBA #10508
mark.walker@crowedunlevy.com
324 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Phone: (405) 235-7718
Facsimile: (405) 272-5225

**COUNSEL FOR DEFENDANTS**

**Exhibit 1**

Kaiser Francis Oil Company
Merit Energy Company LLC
MMGK East Oklahoma 2020 LLC
Dan C. Schooley
Citation 2004 Investment LP
George B. Kaiser
Michael Scott Witcher
Imoe Trust Darrell L. and Maure